The opinion of the court was delivered by
Eennbr, J.
This is an attachment suit brought against the defendant under paragraphs 1, 4 and 5 of the Code of Practice. A curator ad hoe was appointed to represent the absent defendant, who appeared and filed an exception to the jurisdiction of the court, on the ground that the defendant was domiciled in the parish of Orleans, and had been for two years prior to the institution of the suit, and that he had not left the State permanently, and had no intention of doing so.
Judgment was rendered sustaining'this exception and dismissing the case as of non-suit, from which judgment the plaintiffs appeal.
The evidence certainly fails to establish that defendant has left^or intends to leave the State permanently, but notwithstanding this,, the suit may stand on the grounds of fraud alleged if the defendant, was legally suable in the parish of Ouachita. The proof fully establishes that defendant had been, for many years, domiciled and doing business in the parish of Ouachita. This suit was brought on May 31, 1892, and it is clearly shown that defendant was then domiciled, in the parish of Orleans, but the fact does not suffice to defeat the jurisdiction of the Ouachita court.
Art. 167, C. P., declares: “ If the defendant change his domicil, he must be cited in the parish where he has resided within the last year or within that where he has declared, in the manner prescribed by law, that he intended to have his domicil.”
It is admitted that defendant has never made or filed any declaration in the manner prescribed by law of his intention to change his domicil from the parish of Ouachita to the parish of Orleans. Unless, therefore, the defendant had actually resided in New Orleans-for a full year prior to the institution of this suit, plaintiffs had the undoubted right to sue him in the parish of his former domicil. The jurisprudence of this court to that effect is emphatic and unequivocal.
In Berry vs. Gaudy, 15 An. 533, the Supreme Oourt said:“Where a party has removed from one parish to another, and has- *990 acted in the latter parish in snch a manner as to manifest sufficiently his intention to change his domicil, but has not made a formal declaration to that effect, if a year has not elapsed since his removal it is optional with a party desiring to sue him to bring the suit in either parish.
“ If a person wishes to protect himself from being sued in the parish from which he has removed, he should make an express declaration of his intention to change his domicil.”
In King vs. Watts, 23 An. 563, the same doctrine was held as correctly expressed in the following language of the syllabus: “If a
party has acquired a domicil in one parish and removes therefrom to another parish, he may be sued and cited in the parish oí bis former domicil within one year after his removal therefrom, unless he has, by public declaration in the manner provided by law, declared the place of his domicil.”
To same effect, see:
pítate ex rel. vs. Steele, 33 An. 910; also, 23 An. 516, 20 An. 246, 12 La. 190, 8 La. 213, 4 N. S. 51.
Such is the unambiguous precept of the law, and no gloss could either make it clearer or impair its binding force.
The case then pivots upon a single and simple question of fact, viz.: had defendant changed his domicil from Monroe to New Orleans more than one year prior to the institution of this suit on May 31, 1892?
We have critically examined the evidence on this point. The curator introduced much evidence, very clearly establishing defendant’s domicil in New Orleans, but the only testimony which fixes a date prior to May, 1891, is that of the two ladies keeping the house in which he boarded in New Orleans, and their evidence on that point is contradicted, not only by several witnesses for plaintiffs, but by two of defendant’s own witnesses. The evidence, as a whole, satisfies us that while defendant no doubt conceived the idea of removing to New Orleans and began to take steps to that end, in or before May, 1891, he did not actually make his permanent removal before October of that year. If he kept a boarding place in New Orleans, he also retained one in Monroe up to October. The evidence leaves no doubt in our minds on this point, but even if it were doubtful, defendant’s conduct would at least subject him to the application of the principle announced in Art. 38, Rev. O. O.: “If he resides alternately in several places and nearly as much in one as in another, *991 and has not declared his intention in the manner hereafter prescribed, any one of said places may be considered as his principal establishment, at the option of the persons whose interests are thereby affected.”
This principle is further strengthened by the presumption which, in cases of ambiguous domicil, attaches in favor of the continuance of the former domicil.
Under the evidence presented in this case we think it quite clear that plaintiffs had the right to conclude that defendant’s domicil in Ouachita parish had certainly continued up to less than one year prior to their suit, and, therefore, that they had. the right to bring their action in that parish.
It is is therefore adjudged and decreed that the judgment appealed from be avoided and reversed, that defendant’s exception be now overruled and that the case be remanded to the lower court for further proceedings according to law, defendant to pay costs of exception and of this appeal.
Judgment reversed.
Justice McE'nery takes no part.