[Civ. No. 687.   First Appellate District.—December 15, 1909.]

JEANNIE H. YOUNGER, as Executrix of Will of CHARLES B. YOUNGER, Deceased, Respondent, v. CLAUS SPRECKELS, Appellant.

VENUE—RESIDENCE OF DEFENDANT—ERROR IN REFUSING CHANGE.—Where the uncontradicted evidence of the defendant shows that his only permanent home and place of residence is in the city and county of San Francisco, the refusal of the superior court of Santa Cruz county to allow him to change the place of trial thereto was erroneous.

ID.—TEMPORARY SUMMER HOME IN SANTA CRUZ COUNTY—PLACE OF SERVICE OF SUMMONS IMMATERIAL.—The fact that defendant owns a ranch in Santa Cruz county, and was making his temporary summer

home there when served with the summons, cannot affect his right to demand a change of the place of trial to the county of his permanent residence.

ID.—NATURE OF RESIDENCE—MEANING OF STATUTE.—Within the contemplation and meaning of the statute, a person can have but one *bona fide* residence. Residence depends upon intention as well as fact; and in the ordinary acceptation it is the place where one remains when not called elsewhere on business, pleasure, or for other temporary purpose.

ID.—MERE INHABITING OF SUMMER HOME OR COUNTRY HOUSE.—The mere inhabiting of a summer home or country house at certain seasons of the year or at certain times would not make the party inhabiting a resident of the county in which such house is situated, unless it be his intention to remain there permanently, so as to make it his domicile.

ID.—PLACE OF RESIDENCE—FIXED HOME.—The place of residence, within the meaning of the statute, is the fixed home of a party, as understood by himself and his neighbors and friends.

ID.—AFFIDAVIT OF MERITS.—A subsequent affidavit of merits incorporated in the bill of exceptions is part of the record.

APPEAL from an order of the Superior Court of Santa Cruz County, refusing to change the place of trial. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court

Charles S. Wheeler, and Nathan Moran, for Appellant.

Charles B. Younger, for Respondent.

COOPER, P. J.—In this case the trial court denied the defendant's motion for a change of the place of trial upon the ground that the place of residence of the defendant at the time of the commencement of the action was the county of Santa Cruz, and not the city and county of San Francisco.

In our opinion the court erred in its conclusion. The affidavits filed by defendant and in his behalf stated positively that the defendant at the time the action was commenced was, and for many years prior thereto had been, a resident of the city and county of San Francisco, and that he has always during said times been registered as a voter in said city and county of San Francisco, and has never resided or

been registered as a voter at any other place for the past forty-five years.

The only affidavit in opposition to the above is that of plaintiff's attorney, which states that for more than twenty years defendant has been the owner and in possession of a piece of real property situate in Santa Cruz county known as the Aptos ranch; that there is upon said ranch a dwelling-house which, when occupied, is occupied by defendant and his family as a residence. ''That said Spreckels remained and resided in and occupied said dwelling-house on said ranch at the time of the commencement of this action, and at the time he was served with summons herein he was served with such summons at said dwelling-house. That said defendant, at the time of making his affidavit of residence herein, made such affidavit while domiciled in said residence as aforesaid. . . . That for many years last past said Spreckels has been in the habit of frequently returning to said dwelling-house in said county of Santa Cruz in seasons of repose.''

The above affidavit on behalf of plaintiff does not show, nor does it state, that defendant was not a resident of the city and county of San Francisco at the time the action was commenced. Neither does it state that he was a resident of the county of Santa Cruz. The purport of the affidavit is that the defendant was residing in the dwelling-house on the ranch at the time the action was commenced. This is entirely consistent with the affidavit of defendant that among other properties he owns the Aptos ranch, and ''that he has at various times sojourned on the same as a summer resort, but at no other times and for no other purposes.''

Within the contemplation and meaning of the statute a person can have but one *bona fide* residence. Residence depends upon intention as well as fact; and in its ordinary acceptation it is the place where one remains when not called elsewhere on business, pleasure or for other temporary purpose. The mere inhabitancy of a summer home or country house at certain seasons of the year or at certain times would not make the party inhabiting said house a resident of the county in which such house is situated. The material question is the *animo manendi.* Although one may abide at times in a place for pleasure or health or repose it does not become his domicile unless it be his intention to remain there. The

12 Cal. App.—12

place of residence within the meaning of the statute is the fixed home of a party as understood by himself and his neighbors and friends. The affidavits show that the house of the defendant was in San Francisco.

Respondent's contention that the subsequent affidavit of merits filed by defendant was not properly filed and cannot be considered is not supported by the record. The certificate of the judge to the bill of exceptions shows that "defendant's further affidavit on motion for change of the place of trial, and further affidavit of merits, and the affidavits of Frank Harrold, W. W. Montague and James D. Phelan, are copies of papers used on the hearing in this court of the motion of said defendant for a change of the place of trial of said action, and that said bill of exceptions contains all the papers used on the hearing of said motion in this court." Not only this, but the opinion of the trial judge, which appears in the record, denying the motion shows that he placed his denial upon the ground that in his opinion there was sufficient evidence to show that defendant was a resident of the county of Santa Cruz within the meaning of the statute at the time the action was commenced.

The order is reversed.

Kerrigan, J., and Hall, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 10, 1910.