[Civ. No. 4633.   Second Appellate District, Division One.—May 26, 1927.]

L. H. SHERMAN, Respondent, v. F. E. REYNOLDS et al., Appellants.

[1] PLACE OF TRIAL — TRANSITORY ACTIONS — PARTIES — RESIDENCE.— Under section 395 of the Code of Civil Procedure, a transitory action is required to be brought in the county where defendants or some of them reside at the commencement of the action.

---

1.   See 25 Cal. Jur. 865; 27 R. C. L. 802.

[2] ID.—CHANGE OF RESIDENCE—UNION OF ACT AND INTENT.—Under
section 52 and subdivisions 1 and 4 of section 1239 of the
Political Code, residence can only be changed by the union of
act and intent.

[3] ID.—TEMPORARY RESIDENCE FOR GROWING AND HARVESTING CROPS—
AFFIDAVITS—SUFFICIENCY OF.—Where defendants moved for change
of venue on the ground that they resided in another county than
that in which the action was brought, plaintiff's counter-affidavit,
alleging that the contract sued on was for the sale of vegetable,
melon and fruit crops, and that defendants agreed to take posses-
sion of the premises for the purposes thereof, clearly showed
that defendants removed to the county in which the land was
located for temporary purposes only, and defendants were
thereby entitled to a change of venue under section 395 of the
Code of Civil Procedure.

[4] ID.—RESIDENCE—CONFLICTING AFFIDAVITS—EVIDENCE — ERRONEOUS
CONCLUSION BY TRIAL COURT—APPEAL.—Ordinarily, the conclusion
of the trial court on a motion for change of venue will not be
disturbed where there is a substantial conflict in the affidavits or
evidence on the question of a defendant's residence; but where
there is no substantial conflict, an erroneous conclusion of the
trial court from affidavits on file will be reversed on appeal.

(1) 40 Cyc., p. 102, n. 4.   (2) 19 C. J., p. 423, n. 39.   (3) 40
Cyc., p. 163, n. 40.   (4) 4 C. J., p. 846, n. 91.

APPEAL from an order of the Superior Court of Imperial
County denying a motion for change of venue. M. W.
Conkling, Judge. Reversed.

The facts are stated in the opinion of the court.

Andreani & Haines, Robert P. Carrey and John L.
Bisher, Jr., for Appellants.

Hickox, Crenshaw & Trude for Respondent.

McLUCAS, J., *pro tem.*—Appeal by defendants from a
judgment denying defendants' motion for change of venue
from the county of Imperial to the county of Los Angeles.
The complaint was filed June 29, 1923. It alleged three

2.   See 9 Cal. Jur. 834; 9 R. C. L. 553.
3.   See 9 Cal. Jur. 835.
4.   See 2 Cal. Jur. 932; 25 Cal. Jur. 911, 918.

causes of action; the first was for vegetables and produce sold and delivered, the second for fruit and produce sold, and the third for labor performed. The last two claims were assigned to plaintiff. Defendants filed an affidavit of merits and written demand that the trial be had in Los Angeles County. In support of their motion for change of venue defendants made affidavit that at the time of the filing and commencement of the action on June 29, 1923, the defendants and each of them resided in the county of Los Angeles, had so resided for some time prior to the commencement of the action, and have ever since continuously so resided and do now reside in the county of Los Angeles. Plaintiff filed a counter-affidavit that on May 22, 1923, plaintiff and defendants entered into a agreement for the sale by plaintiff to defendants of certain vegetables, melons, and fruit then growing, and that the account sued upon is due under the terms of said contract; "that under the terms of said contract the defendants were to take and hold possession of said premises for the purposes thereof"; that on May 22, 1923, the defendants moved upon and took possession of the premises and resided upon the same; that defendant Reynolds, together with his wife, lived on said premises up to and including June 19, 1923; that defendant Aschenbrenner, together with his wife, resided thereon up to and including July 12, 1923; that said defendants and each of them moved certain of their furniture and household goods upon said premises and did live upon said premises as their home during all of the time aforesaid. Defendant Reynolds filed a reply affidavit stating that he did not at any time, and does not now, reside in the county of Imperial; that it is not true that defendant moved upon or resided upon the premises located in the county of Imperial; that defendant went to the county of Imperial on June 2, 1923, for the purpose of harvesting a crop on premises leased by him, and returned to the county of Los Angeles on June 10, 1923; that defendant again went to Imperial County for the purpose of harvesting said crops, but not for any other purpose, on June 13, 1923, and returned to Los Angeles County on June 18, 1923; that defendant did not move upon said premises or any premises in the county of Imperial for the purpose of establishing a residence, but only for the purpose of harvest-

ing his crops; that defendant did not move upon or live upon said premises from May 22, 1923, up to and including the 19th of June, 1923, or up to and including the twelfth day of July, 1923, or at any other time, but only visited the said premises for the purposes hereinabove alleged; that defendant did not move any of his furniture or household goods upon any premises in the county of Imperial, and did not live upon such premises. The record contains no affidavit of reply filed by defendant Aschenbrenner.

[1] It will be noted from plaintiff's affidavit that the contract sued upon was for the sale of vegetable, melon, and fruit crops, and that "defendants were to take and hold possession of said premises for the purposes thereof." It is self-evident from reading this affidavit that the only purpose of the defendants in moving on to the premises was in order to harvest the crop which had been produced by defendants. Plaintiff claims that the facts alleged in his affidavit are sufficient to establish the residence by the defendants in Imperial County. The action was transitory, and under the provisions of section 395 of the Code of Civil Procedure is required to be brought in the county where the defendants, or some of them, reside at the commencement of the action. In section 52 of the Political Code residence is defined as the place where one remains when not called elsewhere for labor or other special or temporary purpose, and to which he returns in seasons of repose. Subdivisions 1 and 4 of section 1239 of the Political Code read as follows:

"1. That place must be considered and held to be the residence of a person in which his habitation is fixed, and to which, whenever he is absent, he has the intention of returning; . . .

"4. A person must not be considered to have gained a residence in any precinct into which he comes for temporary purposes merely, without the intention of making such precinct his home; . . . "

[2] In *Chambers* v. *Hathaway*, 187 Cal. 104, 105 [200 Pac. 931, 932], it is said: "Where a person has two dwellings in different places and resides a part of his time in one place and a part of the time in another alternatively, the question which of the two places is his legal residence is almost altogether a question of his intent." Residence can only be

changed by the union of act and intent. [3] Upon an examination of the affidavit filed by plaintiff, we do not find any facts alleged therein which show intent of the defendants to change their residence; to the contrary, it is clearly apparent therefrom that defendants removed to Imperial County for a temporary purpose only, that of growing and harvesting a crop of vegetables, melons, and fruit which they had purchased, and that defendants were to take and hold possession of plaintiff's premises for that purpose only. [4] Ordinarily the conclusion of the trial court on a motion for change of venue will not be disturbed on appeal where there is a substantial conflict in the affidavits or evidence on the question of defendant's residence; but where there is no substantial conflict, an erroneous conclusion of the trial court from affidavits on file will be reversed on appeal. (*Younger* v. *Spreckels,* 12 Cal. App. 175 [106 Pac. 895].) In this case it is said: "Within the contemplation and meaning of the statute a person can have but one *bona fide* residence. Residence depends upon intention as well as fact; and in its ordinary acceptation it is the place where one remains when not called elsewhere on business, pleasure or for other temporary purpose. The mere inhabitancy of a summer home or country house at certain seasons of the year or at certain times would not make the party inhabiting said house a resident of the county in which such house is situated. The material question is the *animo manendi.* Although one may abide at times in a place for pleasure or health or repose it does not become his domicile unless it be his intention to remain there. The place of residence within the meaning of the statute is the fixed home of a party as understood by himself and his neighbors and friends." We think the conclusion of the trial court erroneous in the case at bar.

It is ordered that the judgment be reversed.

Conrey, P. J., and York, J., concurred.