18 So.2d 913

**STATE ex rel. JAGNEAUX v. JAGNEAUX.**

**No. 37475.**

May 22, 1944.

Rehearing Denied June 26, 1944.

Percy T. Ogden, Sr., of Crowley, for relator.

H. Purvis Carmouche, of Crowley, for respondents.

PONDER, Justice.

This is a habeas corpus proceeding. The relator, Enias Jagneaux, seeks to obtain the custody of his two minor children, Lelia Marie Jagneaux and Joseph Leland Jagneaux, who are now living with his divorced wife, Lula Lavergne, their mother. The respondent, Lula Lavergne, pleaded to the jurisdiction of the trial court and interposed exceptions of no cause and no right of action. On hearing, the plea was denied, and the exceptions were overruled. The trial court refused to grant an appeal, and the respondent applied for writs under our supervisory jurisdiction. The writs were granted, and the matter now comes to us for determination.

The relator and the respondent were married in St. Landry Parish on September 22, 1934. Immediately thereafter, they established a domicile in Acadia Parish. They continued to live in Acadia Parish until March 19, 1941, at which time, the respondent left the relator and went to St. Landry Parish where she has continued to live in open adultery with Oscar Oliver. On July 23, 1941, the relator brought suit against the respondent for divorce on the ground of adultery, naming Oscar Oliver as correspondent, and prayed for the custody of his minor child, Dolphy Jagneaux. On April 14, 1942, the relator obtained a judgment of divorce and the custody of the minor child.

During the pendency of the divorce suit and prior to judgment, twins were born to the respondent, on August 10, 1941, while she was living with the co-respondent.

On January 28, 1943, the present habeas corpus proceedings were instituted, directed to the respondent, commanding her to produce the minors and show cause why the relator should not be granted the permanent custody of these minor children.

The plea attacking the jurisdiction of the trial court is based on the ground that the respondent is a resident of St. Landry Parish and cannot be sued before another than her own judge. The exceptions are based on the ground that the relator cannot test the custody of the twins by habeas corpus proceedings.

It is conceded that the respondent's domicile was in Acadia Parish at the date of the judgment of divorce, April 14, 1942. The record shows that the respondent applied for registry in the Office of the Registrar of Voters of St. Landry Parish on August 1, 1942. The respondent did not file a declaration of intention to change

her domicile before the recorder of either St. Landry Parish or Acadia Parish.

When a person changes his domicile from one parish to another without registering declarations of intention, he may within the year be sued in the parish from which he has moved. In re Lepine, 160 La. 953, 107 So. 708, and Article 167 of the Code of Practice.

Less than a year has elapsed from the date of the judgment of divorce until the present proceedings were instituted. Such being the case, the trial court had jurisdiction to entertain the habeas corpus proceedings.

This Court has on numerous occasions held that the writ of habeas corpus was a proper remedy for obtaining the custody of a minor child by the person legally entitled to it. State v. Sacred Heart Orphan Asylum, 154 La. 883, 98 So. 406, and authorities cited therein.

The writ of habeas corpus has been invoked to obtain the custody of a minor child even during the marriage. State v. Michel, 105 La. 741, 742, 30 So. 122, 54 L.R.A. 927.

Habeas corpus has been permitted as ancillary to suits for separation from bed and board to secure the custody of a child. State v. Aucoin, 174 La. 7, 139 So. 645.

From a mere reading of the authorities cited herein, it is apparent from the line of reasoning adhered to by this Court that it is essentially a writ of inquiry in aid of right and liberty and a proper remedy, although not exclusive, to determine a controversy concerning the right to the custody of a minor child. This Court has permitted wide latitude in the issuance of the writ where the custody of a minor was involved. The welfare of the child as well as the rights of the parents must be taken into consideration.

For the reasons assigned, the rulings of the trial judge, overruling the exceptions and denying the plea to the jurisdiction of the trial court, are affirmed. The costs of the proceedings in this Court are to be paid by Lula Lavergne, defendant.