20 So.2d 747

**STATE ex rel. STEEN v. WADE et ux.**

No. 37626.

Dec. 11, 1944.

Rehearing Denied Jan. 15, 1945.

Fred G. Benton, of Baton Rouge, and A. B. Parker, of Jena, for applicants.

J. M. Henagan, of Jena, for respondent.

PONDER, Justice.

On October 30, 1943, H. C. Steen, a resident of LaSalle Parish, then serving in the U. S. Navy, filed suit against his wife, Sybil Wade Steen, seeking a divorce on statutory grounds and asking for the permanent custody of the minor child, Robert Michael Steen, issue of the marriage.

It was alleged that the marriage was consummated in LaSalle Parish on February 13, 1942, and that the matrimonial domicile was in that parish. The defendant, Sybil Wade Steen, answered in proper person, admitting all the allegations of the petition.

Prior to the trial of the case, Wiley O. Wade and his wife, the father and stepmother of the defendant, intervened in the suit and asked to be awarded the custody of the minor.

Upon trial, the lower court gave judgment in favor of the plaintiff, granting an absolute divorce and awarding the permanent care of the minor to the plaintiff. The court in its judgment, rejected the claim and demand of Wiley O. Wade and his wife and directed them to deliver the minor child to Mrs. Vela Steen, mother of the plaintiff, as the person designated by the plaintiff to assume the care and control of said minor in his behalf during the time of his service in the U. S. Navy.

Wiley O. Wade and his wife, intervenors, were granted an appeal to this Court, and upon their failure to perfect the appeal, the judgment became final.

Sometime after the judgment became final, demand was made upon Wiley O. Wade and his wife, who then resided in the City of Baton Rouge, Parish of East Baton Rouge, for the delivery of the minor in conformity with the judgment. They did not deliver the minor, claiming the mother had abducted the child during their absence, and that they did not know where the minor might be found. Mrs. Wiley O. Wade was cited for contempt of court, but no final action was ever taken in the contempt proceedings because of the inability to prove that Mrs. Wade had possession of the minor or had sent it from her possession to avoid complying with the judgment.

On July 12, 1944, a petition was filed on the relation of H. C. Steen, praying that Wiley O. Wade and his wife be ordered summarily to deliver the minor to his mother, Mrs. Vela Steen, and further praying for the issuance of a writ of habeas corpus directing them to produce the minor before the district court of LaSalle Parish in order that its custody might be placed in conformity with the judgment. A peremptory order was issued to Wiley O. Wade and his wife directing them to deliver the minor to the plaintiff, and a writ of habeas corpus was issued, ordering Wiley O. Wade and his wife to show cause why the minor should not be turned over to the care and custody of H. C. Steen, represented by his mother, Mrs. Vela Steen.

The returns on the orders show they were served on Mrs. Wiley O. Wade in person in the Parish of East Baton Rouge. There is no return with respect to any service upon Wiley O. Wade.

Exceptions to the jurisdiction, both ratione personae and ratione materiae, were filed on behalf of Wiley O. Wade and his wife. Neither Wiley O. Wade nor his wife made any personal appearance, and they did not produce the child.

The evidence taken upon the hearing of the rule shows the minor was at the home of Mrs. Wiley O. Wade in East Baton Rouge Parish at the time the orders were served, and that she refused to deliver the minor, stating that she intended to keep him.

The trial judge overruled the exceptions, or pleas to the jurisdiction of the court. Wiley O. Wade and his wife applied to this court for supervisory writs. The writs were granted, and the matter is now submitted for our determination.

Counsel for Wiley O. Wade and his wife contend that under the provisions of sec. 2 of Article 7 of the Constitution, the jurisdiction of a state court to issue the writ of habeas corpus is restricted to granting relief to persons who are illegally held or restrained within its respective territorial limits, and that the district court of LaSalle Parish is without jurisdiction to issue the writ or try the issues of such proceedings when the minor involved is in the custody of residents of East Baton Rouge Parish. In support of his contention, he cites the aforementioned article of the Constitution and the case of State ex rel. Chicola et al. v. General Manager of Louisiana State Penitentiary, 188 La. 694, 177 So. 804.

The case of State ex rel. Chicola et al. v. General Manager of Louisiana State Penitentiary, supra, is not in point. In that case, we held that the district court for the Parish of East Baton Rouge had jurisdiction to grant the writ of habeas corpus in behalf of two convicts who were detained on the penal farm in the Parish of West Feliciana. We stated therein that the law makers, in our opinion, intended that the place of original jurisdiction of suits of such nature should be in the Parish of East Baton Rouge where the manager of the penitentiary has his official domicile. It is significant that we stated in that case that it was not contended that the proceedings for a writ of habeas corpus should have been instituted in the Parish of Rapides where sentence was pronounced. The sole question was whether or not the proceedings should have been instituted in

the Parish of West Feliciana where the penal farm is located or in the Parish of East Baton Rouge where the general manager of the penitentiary has his official domicile. We did not hold that the court of original jurisdiction before whom the convicts were tried and convicted was without jurisdiction to entertain suits of this nature.

Article 7, sec. 2, of the Constitution reads as follows: "The Supreme Court, the Court of Appeal, and each of the judges thereof, subject to review by the court of which he is a member, and each district judge throughout the State including judges of the Civil and Criminal District Courts in the Parish of Orleans, may issue writs of habeas corpus, in behalf of any person in actual custody in cases within their respective jurisdictions; and may also in aid of their respective jurisdictions, original, appellate, or supervisory, issue writs of mandamus, certiorari, prohibition, quo warranto, and all other needful writs, orders and process, and where any of said writs are refused, the appellate courts shall indicate the reasons therefor."

This article of the Constitution provides that various courts may issue writs of habeas corpus in behalf of any person in actual custody in cases within their respective jurisdiction. The phrase "within their respective jurisdictions" undoubtedly modifies the word "cases" and not the word "person."

The writ of habeas corpus in this case was issued as an ancillary proceeding to enforce the execution of the original judgment.

Wiley O. Wade and his wife subjected themselves to the jurisdiction of the district court for the Parish of LaSalle when they intervened in the proceedings and are necessarily bound by the judgment awarding the custody of the minor to H. C. Steen.

The district court for the Parish of LaSalle had authority to issue the writ in cases within its respective jurisdiction, irrespective of the fact that Wiley O. Wade and his wife lived in another parish. Moreover, this very article of the Constitution also provides that the various courts may issue all needful writs, orders and processes in aid of their respective jurisdiction.

Article 617 of the Code of Practice provides as follows: "The execution of judgments belongs to the courts by which the causes have been tried in the first instance, whether such judgments have been affirmed or reversed on appeal."

The writ of habeas corpus has been permitted as ancillary to suits for separation from bed and board to secure the custody of a child. State ex rel. Aucoin v. Aucoin, 174 La. 7, 139 So. 645. We affirmed this doctrine in the case of State ex rel. Jagneaux v. Jagneaux, 206 La. 107, 18 So.2d 913, and held that a di-

vorced husband could maintain habeas corpus proceedings against his divorced wife to obtain custody of minor children.

In the case of State ex rel. Jagneaux v. Jagneaux, supra, after reviewing prior jurisprudence, we stated that it is apparent from the line of reasoning adhered to by this Court that the writ is one of inquiry in aid of right and liberty and a proper remedy although not exclusive to determine a controversy concerning the right to the custody of a minor. We pointed out therein that this Court has permitted wide latitude in the issuance of the writ where the custody of a minor is involved.

We have therefore concluded that the writ may be issued as an ancillary proceeding where the custody of a minor is involved, and that the lower court had ample authority, under the provisions of the Constitution above quoted, to issue such writ in cases within its respective jurisdiction or in the enforcement of its judgments when necessary.

For the reasons assigned, the ruling of the lower court is affirmed. The rule is dismissed, and the case is now remanded to the lower court to be proceeded with according to law.