**83 So.2d 890**

**STATE ex rel. Louise Stansberry GRIFFIN**

**v.**

**Jack STANSBERRY, et al.**

**No. 42475.**

**Nov. 7, 1955.**

---

\* Rehearing denied Jan. 9, 1956.

Kenneth G. Burgess, Shreveport, for relator-applicant.

Helm, Simon & Gordy, New Iberia, for respondents.

FOURNET, Chief Justice.

The relatrix, Louise Stansberry Griffin, a resident of Caddo Parish during the period of these proceedings, having been adjudged in contempt of the Sixteenth Judicial District Court, Parish of Iberia, for failure to comply with the judgment of that Court ordering her to deliver her minor child, Jeanette Latiolais, to the care and custody of the parents of relatrix, Jack and Anna F. Stansberry, and upon the showing made by her that the judgment forming the basis of the contempt proceeding is a nullity, we granted a writ of certiorari directing the respondent judge to transmit to this court the record of the proceedings complained of in order that their validity might be ascertained, and further ordering that meanwhile the proceedings against relatrix should be stayed and suspended.

The record shows that on November 22, 1954, the relatrix petitioned the Sixteenth Judicial District Court, Iberia Parish, for writs of habeas corpus directed to Jack Stansberry, her father, and Anna F. Stansberry, her mother, residents of New Iberia, alleging that they were refusing to allow her to have the custody of her minor daughter, Jeanette Latiolais, born on January 8, 1943; that she and her daughter had previously resided with her parents but that after her marriage to W. P. Griffin she and her husband had moved to Shreveport, leaving the child with respondents in order that she might complete preparation for her First Communion and finish the school term. The trial judge issued a rule on the respondents to show cause, returnable on the 15th day of December, 1954. On that date their answer was filed, consisting of a general denial, the prayer being simply that "the writ issued herein be recalled and vacated and that there be judgment dismissing plaintiff's suit at her costs."

The trial of the case did not take place on December 15, having been postponed by mutual consent, with approval of the court, because of the absence of relatrix' husband. On that day the relatrix took her child and, without notifying anyone of her intention, departed for Shreveport where she has

since remained.[1] Counsel now representing her[2] contend that the proceedings that followed,[3] culminating in a judgment on the merits dated March 11, 1955, recalling the writs and awarding custody of the child to the respondents, is a nullity, and the judge was therefore without authority to issue his subsequent Order of May 10, 1955, ordering the relatrix to produce the child in order to enforce that illegal judgment, and she could not be in contempt of court for having failed and refused to comply with such order.

On the other hand, it is contended by counsel for respondents that they have followed the orderly process of the law as approved and outlined in the case of State ex rel. Steen v. Wade, 207 La. 177, 20 So. 2d 747; that under the jurisprudence of this Court the subject child became a ward of the Sixteenth Judicial District Court when the relatrix filed habeas corpus proceedings there, and she did not defeat the court's jurisdiction by surreptitiously removing the child to Shreveport.

■ Counsel for respondents are in error in their argument, for it is clear that the only legal judgment possible under the circumstances—the mother having regained the care and keeping of her child, which is all that she sought, and the respondents having failed, either in their prayer or in their pleadings, to seek to be awarded its custody—was one dismissing the suit, because any judgment rendered beyond the pleadings is a nullity. See Succession of Addison, 212 La. 846, 33 So.2d 658; Mente & Co. v. Roane Sugars, Inc., 199 La. 686,

1. As revealed by a certified copy of the judgment attached to relatrix' application for writs, the Juvenile Court for the Parish of Caddo has taken jurisdiction of the subject child by issuing an interlocutory decree of adoption, dated May 24, 1955, in favor of the husband of relatrix in accordance with his petition for such adoption filed March 30, 1955, consented to and concurred in by relatrix.

2. The counsel who represented her upon institution of these proceedings filed a motion, attached to which is a letter addressed to them by relatrix authorizing them to dismiss her suit; in the motion, bearing the date of February 8, 1955, counsel suggested to the court that in view of the fact that Louise Stansberry Griffin had requested dismissal of the suit and had made no appearance, they sought permission to withdraw as counsel. It is contended in the return made here that the above motion was merely placed in the record but never filed.

3. The case was set for trial in February, 1955, and was twice reassigned to a later date, but the relatrix, although personally served at her domicile in Shreveport with notice of each fixing, failed to appear; thereupon the trial judge, on the last date fixed (March 11, 1955) proceeded to hear the case on the merits and rendered judgment recalling the writs and awarding custody of the child to the respondents. Upon failure of relatrix to comply with their demand made by registered letter, following personal service of the judgment, on motion of respondents the trial judge issued an order that relatrix produce the child in open court on May 10, 1955, so that the court's judgment could be enforced. She having failed to comply with this order, or with the rule for contempt taken against her on June 6, although personally served, a warrant was issued for her arrest—whereupon she invoked the supervisory powers of this Court.

6 So.2d 731; Hope v. Madison, 192 La. 593, 188 So. 711; Peters v. Norris, 191 La. 436, 185 So. 461; Derbes v. Rogers, 162 La. 49, 110 So. 84; Succession of Dauphin, 112 La. 103, 36 So. 287; McAdam v. Soria, 31 La.Ann. 862; see, also, Rogers v. Southern Fiber Co., 119 La. 714, 44 So. 442, 121 Am. St.Rep. 537. Consequently the trial judge was without authority to issue his subsequent Order of May 10, 1955, ordering the relatrix to produce the child in order to enforce his judgment of March 11, 1955; nor can she be held in contempt for failure to comply with such Order.

The procedure followed in State ex rel. Steen v. Wade, supra, relied on by the respondents, is obviously inappropriate to the facts here; in that case the matter had proceeded to final judgment in which a divorce and custody of the child were awarded to one of the parents; and since this is not a contest involving the custody of a child, the other cases cited by respondents and statements found in those opinions concerning the welfare of the child are clearly inapposite.

The further contention that the writs issued herein should be vacated and recalled, since a final judgment rendered by a court of competent jurisdiction cannot be reversed, vacated or set aside save through appeal, is equally without merit; such a rule has no application to a judgment that is absolutely null.

For the reasons assigned the writs heretofore issued by this Court are made peremptory, and it is now ordered, adjudged and decreed that the judgment of the Sixteenth Judicial District Court, Parish of Iberia, of date March 11, 1955, awarding the custody of the minor child Jeanette Latiolais to the respondents, Jack Stansberry and Anna F. Stansberry, and that of date June 9, 1955, adjudging Louise Stansberry Griffin, defendant in rule, to be guilty of contempt of the authority of the court, be and they are hereby declared null, void, and of no effect, and these proceedings are dismissed, the costs thereof to date of trial below to be paid by the relatrix and all other costs, including those incurred in this Court, to be borne by the respondents, Jack Stansberry and Anna F. Stansberry.

SIMON, J., recused.