CHASEZ, Judge.
Relators filed a writ of habeas corpus in the Civil District Court of the Parish of Orleans, praying for the custody of her two minor children. An exception to the jurisdiction of the court was filed on the grounds that the respondent was domiciled in Jefferson Parish and the children were residing with him. This exception was overruled by the trial court and a hearing on the merits was had. The writ was maintained and respondent was ordered to deliver custody of the children to his wife. Respondent appeals and in this court urges only the question of venue.
On the 27th day of May, 1960, in proceeding numbered 379-937 of the Civil District Court, Parish of Orleans, Division “D”, Mrs. Karl Brandes was granted a divorce from Mr. Paul J. Allemond, Jr., respondent herein. In this judgment, the court granted the permanent care, custody and control of the two minor children,. Katherine Mae Allemond and Paula Ann Allemond to the relator. Subsequently, relator being unable to care for her children,, voluntarily transferred them to the custody of respondent, Paul J. Allemond, Jr. Later she requested redelivery of the children toiler. Relator refused this request and she instituted this habeas corpus proceeding.
This proceeding was filed in the Civil! District Court of Orleans Parish on October 13, 1964. It was assigned a new number (428-196) instead of being docketed in. the original divorce proceeding. By virtue of a special allotment, ordered apparently because of its summary nature, the case-was allotted to Division “G”. Defendant, contends that the venue is wrong and since the case was filed under a new number it must stand or fall on its own and cannot be considered as an ancillary proceeding.
LSA-C.C.P. art. 3822 states: “Ha-beas corpus proceedings may be brought in the parish in which the defendant is domiciled or the parish in which the person detained is in custody.” Since the defendant is domiciled in Jefferson Parish, and the children reside with him, it is clear that the-proceedings herein were not filed in the-proper parish if article 3822 applies. However, when the habeas corpus proceeding is-ancillary to another proceeding as is the. *879 situation here the above article does not apply. State ex rel. Steen v. Wade, 207 La. 177, 20 So.2d 747 (1944). See comment c to LSA-C.C.P. 3822.
In the Steen v. Wade case the Supreme Court held that Article 7, Section 2 of the Constitution allows the court to issue a writ of habeas corpus on behalf of any person in actual custody in cases within its jurisdiction. There a divorce proceeding had been filed in LaSalle Parish in which custody of a minor child had been granted to one of the parties. The child, and the person detaining the child, were located in the Parish of East Baton Rouge. A writ demanding delivery of the child was filed in the Parish of LaSalle. Exceptions to the jurisdiction were filed which were overruled. The Supreme Court held that the Parish of LaSalle had jurisdiction and venue in the habeas corpus proceeding for the writ was an ancillary proceeding to the original judgment of custody.
In this case the same situation exists. The divorce proceeding in which the custody of the children was granted to relator was filed in the Civil District Court for the Parish of Orleans and the judgment rendered by the judge presiding in Division “D” of that court. This habeas corpus proceeding is a proceeding ancillary to the original suit. Respondent contends, however, that this suit was filed as a new proceeding, given a new number and was assigned to another division of the court; and in order for it to be considered an ancillary proceeding it should have been filed in the same suit and same division of the •court that rendered the judgment of custody. We agree that normally an ancillary suit should be considered in the same proceeding and tried by the same judge, if possible. We, however, believe that in this case there has been no violation of the law •or the rules of court which we deem applicable to this matter.
Article VII Section 80 of the Constitution, LSA provides: "There shall be only one 'Civil District Court for the Parish of Orleans’. It shall be composed of not less than * * * judges.”
The divisions of the court were created primarily to orderly dispatch the business of the court and to elect the several judges thereof.
Section 9 of Rule 8 of the Civil District Court, 8 LSA-R.S. provides:
“Suits or proceedings not in their nature original, but growing out of suits or proceedings previously pending, such as actions of nullity of judgment, or to restrain or regulate the execution of process, mesne or final, in suits previously pending, shall not be docketed as separate suits, but shall be treated as parts of the original suits out of which they arise, shall be docketed and numbered as parts of such suits, and shall follow the prior allotment or assignment to the respective Divisions of the Court. Whenever, by error or oversight, this rule shall be violated the Judge to whom the matter shall have been allotted, shall have power to order same transferred to the proper Division, there to be consolidated with the original suit.”
In this case, the proceeding was inadvertently filed as a new suit and allotted to Division “G” of the court; the case was not transferred to Division “D”’ and we believe, correctly so, for the reasons hereinafter set forth. Relator’s counsel contend in brief and oral argument that the Judge of Division “D” was ill at the time this proceeding was scheduled to be tried. Unfortunately, this is not reflected in the record and counsel for the defendant, in oral argument, said it was not within his knowledge that the Judge of Division “D” was ill. However, we are and were aware of the fact, from prior proceedings heard in this court, that on October 16, 1964, (the date on which this matter was first set for trial in the District Court) and *880 on October 23, 1964, (the date on which respondend filed his exception to jurisdiction or venue and on which the case was tried by the District Court) the Judge of Division “D” was ill and unfortunately remained ill for some months thereafter which necessitated his absence from court. Since this litigation was summary in nature, and an immediate trial was necessary, Section 4 of Rule 8 of the Civil District Court was applied by the Judge. This Section provides:
“In case of absence or disability of the Judge to whose Division a case has been allotted, or in the event of vacancy in his office, any other Judge of the Court shall be empowered to act in said case as fully as if it had been originally allotted to the Division over which he presides, until the absence or disability shall have ceased, or the vacancy shall have been filled.”
Under the above section any Judge of the Civil District- Court for the Parish of Orleans has the power to try the cases allotted to a division in which the judge is incapacitated. If the Judge of Division “G” had transferred the case to Division “D” it still would not have been tried by the judge who originally heard the divorce case because of his illness. It was then permissible for the Judge of Division “G” to hear the case in lieu of the Judge of Division “D”.
We are of the opinion that the Judge of Division “G” was sitting for the Judge of Division “D”. This is fortified by the fact that in the same proceeding the alimony which the defendant was to pay for the support of the minor children was set.
The only issue urged by appellant on this appeal is jurisdiction or venue. We find the judgment of the District Court in this respect to be correct, and therefore it is affirmed and appellant’s appeal is dismissed at his cost.
Affirmed.