139 So. 645

**STATE ex rel. AUCOIN v. AUCOIN.**

No. 31364.

Jan. 4, 1932.

Rehearing Denied Feb. 1, 1932.

Breazeale & Sachse, of Baton Rouge, and William Harry Talbot, of New Orleans, for appellant.

Jess Johnson, of Baton Rouge, for appellee.

ODOM, J.

Relator and respondent were married in October, 1925, and there was born to them one child, Jane Rosa, now about four years old. On January 19, 1931, relator sued his wife for separation from bed and board on the ground of abandonment. He especially alleged in that suit that for certain causes and conditions, which he detailed at great length, his wife was "an unfit person to have the custody and control of their minor child, and for the further reasons that his said wife has no home or place suitable for the care and protection of the said child, petitioner desires and is entitled to have the temporary and perma-

nent care and custody of the said child," and he prayed "that he have the temporary care and custody of the said minor, Jane Rosa Aucoin, and at the termination of this suit he be given the permanent care, custody and control of the said child."

Upon presentation of this petition, duly verified, to the district judge, he signed an order reading as follows: "Let the usual reiterated summonses issue herein as prayed for and according to law. Let petitioner, Louis L. Aucoin, be and he is hereby granted temporary care, custody and control of the minor, Jane Rosa Aucoin."

It seems that three reiterated summonses were issued and served on defendant from month to month, as required by article 145 of the Civil Code, but she failed to return to the matrimonial domicile, and, upon proof being made of those facts, the court, on May 25, rendered judgment as is provided in said article of the Code, sentencing her to comply with the request contained in the summonses. See Act No. 271 of 1928, amending Art. 145, Civil Code.

In the meantime the child was in the custody of its mother, the respondent, who was out of the state and had the child with her. She returned to the state with the child on May 8, and on the following day relator brought this habeas corpus proceeding against his wife to obtain custody of the child.

Defendant, in limine, filed exceptions of lis pendens and no cause of action, which were overruled by the court.

Reserving her rights under the exceptions, she answered. The case was tried, and there was judgment for relator "commanding that

the child, Jane Rosa Aucoin, be at once released and restored to liberty and delivered over to the custody, care and keeping of the said relator herein." Defendant appealed.

1. Counsel for the respondent in oral argument before this court, as well as in their original and supplemental briefs, have insisted that the plea of lis pendens should have been sustained by the lower court, and that the present suit, which is a habeas corpus proceeding, should have been dismissed.

If this habeas corpus proceeding be considered and treated as a separate suit in no way connected with the suit by relator against his wife for separation from bed and board and for custody of the minor child, issue of the marriage, we think the plea of lis pendens was good and should have been sustained, under article 94 of the Code of Practice, which provides: "The same cause cannot be brought before the same or separate courts, though they be possessed of concurrent jurisdiction, except by discontinuing the suit first brought before the answer is filed."

At the time this proceeding was instituted, there was pending in the same court another suit in which one of the issues presented was identical with the one here involved, that is, which of the parents of the child was or is entitled to its care and custody.

In the suit against his wife for separation from bed and board, the plaintiff, relator here, specifically alleged that for causes which he enumerated his wife was not a fit person to have the care and custody of the child, and that he, and not its mother, should be intrusted with its care and keeping, and he prayed accordingly. In the present proceeding, he reiterates those charges in almost the identical language which he used in his former suit, and he here prays, as he did in the former suit, that he be granted the care and custody of the child. Therefore the issues in the two suits in so far as the child is concerned are identical.

2. But it is contended by counsel for relator that in habeas corpus proceedings brought by one spouse against the other to obtain custody of a child, issue of the marriage, the state and not the relator is plaintiff; that the issue is not between husband and wife, but between the state and the one against whom the action is brought. Hence it is argued that in the present case the plea of lis pendens is not well founded, for the reason that the parties to the divorce suit are not the same parties involved in the habeas corpus proceeding.

In support of their contention, they cite several cases, among them being State ex rel. Lasserre v. Michel et al., 105 La. 741, 30 So. 122, 54 L. R. A. 927, and in Ex parte Ryan, 126 La. 450, 52 So. 573, where it was held, to quote paragraph 2 of the syllabus in the Michel Case, that:

"A writ of habeas corpus is essentially a writ of inquiry in aid of right and liberty in respect to matters in which the state has an interest, though private rights may be involved."

These cases do not support counsel's contention. They cannot be construed to mean that in a habeas corpus proceeding by one spouse against the other to obtain the custody of children, issue of their marriage, the state is the real party plaintiff and that no issue arises between the relator and the defendant.

Since those cases were decided, this court has twice held that:

"The proceeding in a district court by a father to enforce his right to the care, custody, and control of his minor children, through a writ of habeas corpus, is purely a civil proceeding between private individuals, to which the state is a party only in a nominal sense." State ex rel. Herbert v. Renaud, 157 La. 776, 103 So. 101, 102; In re Owen et al., 170 La. 255, 127 So. 619.

The parties to the divorce suit were Mr. and Mrs. Aucoin, and one of the issues involved was whether plaintiff or defendant was entitled to the custody of the child. The real parties to the present proceeding are the same persons, although the state is a nominal party, and the issue is the same.

■ Therefore the exception of lis pendens was well founded if the habeas corpus proceeding be considered a separate action, brought for the sole purpose of determining who should have the permanent custody of the child, and in no way connected with the divorce suit. But we think this should be considered an ancillary proceeding connected with the suit for separation, instituted for the purpose of enforcing the order granted on January 19, awarding the temporary custody of the child to the father. While the father had obtained an order from the court awarding to him the temporary custody of the child, yet the mother had the child and was detaining it up to the time the present proceeding was filed. It was therefore necessary for the father to institute some kind of legal proceeding in order to enforce the judgment which he had obtained.

■ It is suggested that the proper course for relator to pursue was to rule defendant to show cause why she should not deliver the child to him or rule her for contempt for disobeying the order. Conceding that those remedies were open to him, they were not the only ones. The writ of habeas corpus is a highly privileged writ, a writ of inquiry, summary in nature. The granting of it is one of the extraordinary powers conferred upon courts. It has for its object the release by judicial decree of persons who have been deprived of their liberty, or who are being detained from the control of those who are entitled to their custody. It is open to a parent to obtain the release of a child who is being illegally detained by another. It may be that, in a case like the one at bar, there are other remedies open to the parent. But, if so, they are not exclusive.

■■ But the writ of habeas corpus may not be resorted to by one of the spouses in order to obtain permanent custody of the children, issue of the marriage, during the pendency of a suit for separation or divorce, where the question as to which one is entitled to their custody is made an issue in such suit. For obvious reasons, the proper suit in which this right should be determined is the suit for separation or divorce. In such suits, the court is vested with discretion as to the disposition of the children while the suit is pending.

Article 146 of the Civil Code reads as follows:

"If there are children of the marriage, whose provisional keeping is claimed by both husband and wife, the suit being yet pending

and undecided, it shall be granted to the wife, whether plaintiff or defendant, *unless there should be strong reasons to deprive her of it*, either in whole or in part, *the decision whereof is left to the discretion of the judge*." (Italics ours.)

When relator filed suit against his wife for separation, the trial judge, in the exercise of his discretion, awarded to him the temporary custody of the child. We had occasion to review his ruling in an application for a writ made by the wife. We refused the writ saying: "It does not appear that the trial judge abused his discretion in granting the custody of the child to the father pending the final determination of the controversy between the parents."

The trial judge having awarded the custody of the child to its father pending the separation proceeding, and the mother having detained it notwithstanding, habeas corpus was a proper proceeding in order to make effective the order of court, that is, to have the child delivered to the father temporarily.

While the trial judge has not favored us with written reasons for entertaining the application for the writ, we are satisfied he did so only in order to make effective his former order.

We think the judgment appealed from was not intended to, and as a matter of fact did not, grant to relator the permanent custody of the child. It does not so read, and should not be so construed. It commanded that "the child, Jane Rosa Aucoin, be at once released and restored to liberty and delivered over to the custody, care and keeping of said relator herein."

The effect of this judgment, and the only effect it can have under the circumstances, is to place the child in the temporary custody of the father. The issue as to its permanent custody should and no doubt will be determined in the suit for separation.

We have read the testimony, and find that it amply supports the judgment appealed from.

Judgment affirmed.

BRUNOT, J., dissents.