O’NIELL, Chief Justice.
 

 The defendant has appealed from a judgment granting her husband a divorce. It was granted on the ground of separation for more than a year under a decree of separation from bed and board. In defense of this suit,. the wife pleaded that
 
 *661
 
 she and her husband had become reconciled. On the trial of the case, after the plaintiff had proved by the testimony of several witnesses that there had not been a reconciliation between him and his wife, she offered to testify in contradiction of the testimony of his witnesses. His attorney then filed a plea of estoppel and objected to her claiming that there was a reconciliation, because, after the decree of separation from bed and board was rendered, and after the date on which she •claimed there was a reconciliation, she sued her husband and obtained judgment for a sum of money, basing her suit upon the allegation that she and her husband were living separate and apart under a decree of separation from bed and board. The judge sustained the objection, and no ■other evidence was offered by the wife in this suit. The ruling was correct. The •defendant had no right to contradict her judicial declaration, which was the basis for the suit in which she obtained a judgment against her husband. A judicial declaration is full proof against the party making it, and cannot be withdrawn except on the ground that it was made in •error of fact. Rev. Civ. Code, art. 2291. There was no suggestion of error of fact ■on the part of the defendant in this case. Her attorney did not argue the case in this ■court, or file a brief in support of the appeal, from which it might well be inferred that the appellant has not much faith in her complaint.
 

 The judgment is affirmed.