70 So.2d 883

D'ANTONI v. GERACI.

No. 41618.

Feb. 15, 1954.

Beryl E. Wolfson, New Orleans, for relator.

Gatlin & Murphy, New Orleans, for respondent.

HAMITER, Justice.

In this cause, Numbered 307–799 on the docket of the Civil District Court of Orleans Parish, a judgment was rendered (February 19, 1952) granting to the husband a divorce and to the wife the permanent care, custody and control of the minor child born of the marriage. From the decree of divorce the wife obtained, and she perfected, a suspensive appeal returnable to this court.

During the pendency of the appeal the husband and wife presented here a joint motion in which they averred "that before the transcript had been filed herein the said Albert Stanton D'Antoni and Joan Augustine Geraci, his wife, became reconciled, having become reconciled some six weeks prior to the filing of this motion", and, further, "that the cause of action has thus abated, and the appeal to this Honorable Court and the cause of action itself should be dismissed, thus nullifying the judgment of divorce rendered in Proceedings No. 307–799 of the Civil District Court for the Parish of Orleans."

In view of such joint averments one of the members of this court, on July 22, 1952, signed the proposed order attached to the motion. It decreed "that the appeal and

the cause of action in Proceedings No. 307–799 of the Civil District Court for the Parish of Orleans be and the same is hereby dismissed, thus rendering ineffective the judgment of divorce rendered in said proceedings."

Some sixteen months thereafter, specifically on November 30, 1953, the husband obtained the issuance of a rule, in the original suit No. 307–799 on the docket of the Civil District Court of Orleans Parish, ordering the wife to show cause why he should not be given the permanent care, custody and control of the minor child. To the rule the wife tendered exceptions respecting the court's jurisdiction ratione materiae and also of no right and no cause of action, all being predicated on the above mentioned joint motion, together with the order of this court, relating to the reconciliation of the litigants and to the dismissal of both the appeal and the action for divorce.

The district court, after a hearing, overruled the exceptions. The wife, thereupon, invoked our supervisory jurisdiction, she particularly praying that the district judge be prohibited from taking jurisdiction of the husband's demand for custody. We issued alternative writs; and later, on the specified return date, the matter was submitted for consideration and adjudication.

The respondent husband, in opposition to our granting the relief sought by relator, contends that the "legal effect of the order,

signed by a single Justice of this court prior to the appeal being heard, was simply to dismiss the appeal, leaving the judgment of divorce final." And in support of the contention he argues that (1) a reconciliation, although destructive of a separation action, does not affect an action of divorce, and (2) a definitive judgment dismissing a divorce demand can be rendered by this tribunal only upon the concurrence of at least four of its members and after a hearing.

According to LSA–Civil Code Articles 152 and 153, the action of separation is extinguished by the reconciliation of the parties, either after the facts on which it is grounded or after the suit has been instituted; and the plaintiff is precluded from pursuing the action. And LSA–Civil Code Article 154 states: "The exceptions to an action of divorce shall be the same as those to the action of separation from bed and board, established by Articles 152 and 153 of the Civil Code."

Under these articles extinguishment or abatement of an action of divorce results from reconciliation even during the pendency of a suspensive appeal from a judgment granting the divorce. In so holding in Zwikel v. Zwikel, 154 La. 532, 97 So. 850, 851, this court said: "By the exact terms of articles 152 and 154 of the [LSA–] Civil Code, a reconciliation between an estranged husband and wife has the effect, as well after as before the institution of a suit for

divorce, of destroying the complainant's right of action. These articles of the Code do not, in terms or by implication make a distinction between a case pending in the court of original jurisdiction and one pending on appeal. And there is no reason why we should not apply to an appeal from a judgment of divorce the same rule, in that respect, that we apply to other suspensive appeals in civil suits. * * *"

In the Zwikel case, while it was pending on appeal from a judgment of divorce, the wife filed a motion averring the occurrence of a reconciliation and praying that the cause be remanded to the district court to be there dismissed. Answering the motion the husband denied his wife's averment, although certain facts alleged by him indicated that they might have become reconciled. Whereupon, and in keeping with the above quoted pronouncement, the court set aside the judgment appealed from and remanded the cause to the district court, to hear evidence on the matter of reconciliation, with instructions to "either dismiss the suit or give another judgment of divorce, according to the evidence."

■ Unlike those of the Zwikel case, the parties here agreed and judicially declared in their joint motion to this court

that a reconciliation had occurred. This judicial declaration is full proof against both, and it cannot be withdrawn except on the ground that it was made in error of fact. LSA–Civil Code Article 2291; Anzalone v. Anzalone, 182 La. 660, 162 So. 413. Neither of these litigants suggests that it was so made.

■ Therefore, the action involved in suit No. 307–799, on the docket of the Civil District Court, was extinguished by the jointly declared fact of reconciliation, not as the result of the order of this court about which the respondent husband complains. That order, signed by a single Justice, merely gave judicial recognition to the joint averments of the parties.

■ The divorce action having abated, it follows that there was no appropriate proceeding pending between these litigants in which the district judge could legally entertain a rule for the custody of the minor child born of the marriage.

For the reasons assigned the issued alternative writs are now made peremptory, the exceptions tendered by relator are now sustained, and the custody rule of the respondent husband is dismissed at his costs.