218 So.2d 48 (1969)
Nellie Jo Price HICKMAN, Plaintiff-Relator,
v.
Vergil D. HICKMAN, Defendant-Respondent.
No. 2610.
Court of Appeal of Louisiana, Third Circuit.
January 16, 1969.
Rehearing Denied February 5, 1969.
Writ Refused April 3, 1969.
Downs & Gremillion, by Field V. Gremillion, and Howard N. Nugent, Alexandria, for defendant-respondent.
Gravel & Doggett, by Camille F. Gravel, Jr., Alexandria, for plaintiff-relator.
*49 EN BANC.
MILLER, Judge.
This court granted an order on November 22, 1968 staying the execution of a writ of Habeas Corpus which commanded the mother to deliver to the father custody of their three children, ages 11, 9 and 5. On November 27th, this court issued a Writ of Certiorari to review the trial court's decision of November 22nd granting Habeas Corpus. Substantially, the errors alleged are:
(1) The trial judge refused to admit any evidence offered by the mother at the Habeas Corpus hearing to show that a reconciliation had occurred subsequent to the May 25th custody order on which the writ of Habeas Corpus is based.
(2) The trial judge refused to admit testimony by the mother to show that there had been a change in circumstances since May 25th and that it was now in the children's best interest that the children remain with the mother.
A review of the many pleadings, hearings and decrees related to the marital status of these parties is essential to carefully consider the legal issues before us.
On April 23, 1968, Nellie Jo Price Hickman, relator, filed suit seeking a judicial separation, alleging cruel treatment. She also sought custody of the three children and alimony. On May 7th an amended petition was filed setting forth with more particularity the grounds on which Mrs. Hickman intended to prove her allegations of cruelty. On May 8th, Mrs. Hickman's counsel filed notice that they intended to take the deposition of Mr. Hickman at 3:30 p. m. on May 9, 1968. On May 16th, Mrs. Hickman's counsel filed a "motion for the production of documents and other things," particularly seeking magnetic or other tapes obtained through electronic eavesdropping and photographs allegedly obtained by Mr. Hickman. On May 20th, Mr. Hickman's counsel filed a motion to vacate, annul and set aside the above described subpoena duces tecum, and a hearing was set on this motion for May 22nd, 1968. On May 22nd, Mrs. Hickman's counsel filed a motion substantially reiterating his request of May 16th. At the May 22nd hearing, the court heard evidence and overruled Mrs. Hickman's motions for production of electronic tapes and/or photographs allegedly taken by Mr. Hickman during January, February and March of 1968.
On May 24th, Mr. Hickman filed a general denial to his wife's petition and reconvened seeking a judgment of divorce on grounds of adultery and alternatively, a judicial separation on grounds of cruel treatment. He also sought custody of his three children pending the trial and permanent custody thereafter.
On May 24th and 25th, (321 pages of) testimony was heard by the trial judge, after which he delivered a well reasoned detailed oral opinion awarding temporary custody to the father and denying alimony pendente lite to Mrs. Hickman. The testimony showed that Mr. Hickman earned approximately $650 per month as a bank employee, while Mrs. Hickman earned approximately $350 per month as a school teacher.
On May 29th Mrs. Hickman's counsel applied for a new trial related to the oral ruling of May 25th. On June 5th she again applied for a new trial on the custody rule, which was denied June 6th, 1968. On June 6th, she filed another motion for the production of electronic tapes and photographic evidence which Mr. Hickman might use on the trial of the merits of the case, this evidence to be deposited at the office of the Rapides Parish Clerk of Court for inspection, examination, copying and photographing. The trial judge granted this order requiring Mr. Hickman to comply on or before July 19, 1968 before 5:00 o'clock p. m.
On October 30, 1968, Mr. Hickman filed an amended and supplemental reconventional demand and petition for temporary restraining *50 order, preliminary and permanent injunctions. In this amended petition, Mr. Hickman alleged among other things that subsequent to the May 25th ruling, Mrs. Hickman conspired with others and formulated a fraudulent scheme and plan to subvert, disregard, circumvent and disobey the May 25th ruling; that the plan was to make a pretended reconciliation for a limited period of time; that during that time she would seek to establish additional causes for separation, and then abandon her husband and take the children to Grant Parish and institute a new suit there to circumvent the May 25th decision. That she did trick and deceive defendant into believing that a reconciliation had occurred, "when, in fact, because of plaintiff's true intentions, no genuine reconciliation between the parties was possible." Articles 36, 37 and 38 follow the above allegations and are as follows:
"36.
"Defendant, VERGIL DUPRE HICKMAN, in the genuine and sincere belief that a reconciliation had occurred, received his wife, NELLIE JO PRICE HICKMAN, in the matrimonial dwelling and resided with her until Sunday, October 13, 1968, at which time the plaintiff, without cause or justification, abandoned defendant and left the matrimonial dwelling, taking with her the three minor children.
"37.
"Pursuant to her plan to obtain an undue and inequitable advantage over defendant and pursuant to her plan to disregard and disobey the decree of this Honorable Court, plaintiff, on October 14, 1968, in Civil Action Number 16,273 of the Eighth Judicial District Court, in and for the Parish of Grant, filed a Petition for Separation From Bed and Board and ancillary thereto asked for custody of the said minor children; because of plaintiff's abandonment of defendant on October 13, 1968, defendant is entitled to amend and supplement his reconventional demand to include abandonment as an alternative cause of action for separation from bed and board.
"38.
"If plaintiff proceeds with the prosecution of her petition for separation from bed and board and custody in Grant Parish, she will thereby obtain an undue and inequitable advantage over defendant and she will thereby circumvent, disregard and disobey the award of custody heretofore entered by this Court on May 25, 1968, and as a consequence thereof, defendant will suffer irreparable injury, loss or damage and in order to protect defendant's interest in the premises, it is necessary that both an injunction and a preliminary injunction be issued herein, enjoining plaintiff, NELLIE JO PRICE HICKMAN, from further prosecuting or proceeding with Civil Action Number 16,273 in the Eighth Judicial District Court in and for the Parish of Grant. Unless restrained from doing so, plaintiff, NELLIE JO PRICE HICKMAN, from further prosecuting or proceeding with Civil Action Number 16,273 in the Eighth Judicial District Court in and for the Parish of Grant. Unless restrained from doing so, plaintiff, NELLIE JO PRICE HICKMAN, will further proceed and prosecute in the said separation suit in Grant Parish and defendant will suffer irreparable injury, loss or damage before notice can be served and a hearing had on the application for a preliminary injunction resulting in immediate and irreparable injury, loss and damage to the defendant. Hence, it is necessary that a temporary restraining order be issued immediately, in the form and substance of the injunction and preliminary injunction mentioned above."
On October 30th, the trial judge signed a temporary restraining order, without bond, restraining, enjoining and prohibiting Mrs. Hickman from further prosecuting or proceeding with Civil Action Number 16,273 *51 in the Eighth Judicial District Court in and for the Parish of Grant, and set the hearing for the preliminary injunction for November 8th, 1968.
On November 8, 1968, Mrs. Hickman's counsel filed what was termed a "peremptory exception" to the last above described Supplemental Petition and petition for restraining order and preliminary and permanent injunctions, alleging that paragraph numbered 36 thereof judicially admitted a reconciliation and that under R.C.C. Article 152, this extinguished all causes of action pending before the Ninth Judicial District Court, relating to the marital status of these two parties. The exception goes on to state allegations that
"II.
"Following the initial separation, the petitioner, NELLIE JO PRICE HICKMAN, voluntarily moved back into the family home at Route 1, Deville, Louisiana, with her husband and three (3) minor children on or about the 27th day of July, 1968, only after fervent apologies and supplications on the part of VERGIL D. HICKMAN. The parties continuously lived at the family home as husband and wife until they separated on or about the 13th day of October, 1968.
"III.
"NELLIE JO PRICE HICKMAN shows that the mutually consentual conjugal life was resumed with her husband VERGIL D. HICKMAN, and that a mutual condonation and reconciliation occurred on the 27th day of July, 1968.
"IV.
"Between the 27th day of July, 1968 and the 13th day of October, 1968, NELLIE JO PRICE HICKMAN and VIRGIL D. HICKMAN engaged, in good faith, in the following domestic and family activities which are illustratively set forth as:
"THE PARTIES:
"A. Slept in the same bed and bedroom;
"B. Lived as husband and wife and engaged in marital relations;
"C. Engaged in shopping excursions for the family's basic needs for food, clothing and shelter and in general being with each other continuously in private and public;
"D. Ate meals at the family home together.
"E. Engaged in family recreational activities on numerous occasions, including picnics, church activities, and horseback riding for the children;
"F. Went on family vacations out of state together;
"G. Each day rode to and from work with each other;
"H. Called each other on the telephone to visit during the work day;
"I. Shared their lunch hour with each other daily during the work week;
"J. Deposited their pay checks in the same joint bank account and drew checks on that said account for the family expenses and obligations;
"K. Attended each other's needs in sickness and good health."
On November 8th, Mrs. Hickman's counsel also filed a Motion to dissolve the temporary restraining order, seeking an attorney's fee for dissolving the allegedly improvidently issued temporary restraining order.
On November 8th and in Open Court, counsel for Mr. Hickman filed a second supplement to his answer and reconventional demand and supplement to the petition for temporary restraining order, preliminary and permanent injunctions, clarifying his October 30th petition to allege that he *52 was alternatively seeking a judicial separation in the October 30th petition.
At the November 8th hearing, Mr. Hickman introduced in evidence a petition filed October 14, 1968 in Grant Parish, where Mrs. Hickman sought a judicial separation based on allegations of cruel treatment, alleging that she was then a resident of Grant Parish. The petition particularly alleges acts of cruelty having occurred at the Rapides Parish matrimonial domicile on October 12, 1968. Attached to this petition was an ex parte order issued in Grant Parish granting her temporary custody of her three daughters pending trial on the merits.
Following the November 8th hearing, the trial judge issued a preliminary injunction, again without bond, enjoining and prohibiting Mrs. Hickman from further proceeding with the suit filed in Grant Parish. On this same date, the trial judge signed a judgment based on the decree rendered May 25th, 1968, granting Mr. Hickman temporary custody of his three daughters, "reserving to plaintiff, NELLIE JO PRICE HICKMAN, the right to see and visit said children at reasonable times and places and under reasonable circumstances."
On November 15, 1968, Mrs. Hickman's counsel filed a motion to dismiss her action in suit # 72,247 (the Rapides suit), alleging that a reconciliation between the parties took place and movant's cause of action was extinguished under Articles 152 and 153 of the Louisiana Revised Civil Code and the jurisprudence of the State of Louisiana. This was opposed by answer filed by Mr. Hickman's counsel. The trial judge took this motion under advisement and on November 18th, 1968, granted the motion.
On November 15, 1968, Mr. Hickman's counsel filed the petition for writ of Habeas Corpus in Rapides Parish, seeking custody of his three children and the hearing was set for 9:45 a. m., November 22, 1968.
On November 22nd, Mrs. Hickman's counsel filed what he termed a "DILATORY EXCEPTION TO PETITION FOR WRIT OF HABEAS CORPUS." This pleading essentially alleged the facts which have hereinabove been summarized and particularly alleged "that the order of court relied upon and forming the basis for the Petition for Habeas Corpus as filed by Vergil Dupre Hickman in the above captioned matter is extinguished and null." At the same time counsel filed answer to the last petition again alleging the facts summarized above as part of his November 8th pleadings.
The jurisprudence uniformly recognizes that custody decrees are subject to modification to the end that the best interest of the children will be served. One of the methods available to try the issue of custody between parents is the writ of habeas corpus. State ex rel. Jagneaux v. Jagneaux, 206 La. 107, 18 So.2d 913 (1944). By its very definition this writ commands a person who has another in his custody to produce such person before the Court and state the authority for the custody. C.C.P. Art. 3821; Bellett v. Brinson, La.App.2nd Cir. 1968, 206 So.2d 758.
In this instance the mother came to court allegedly prepared to show her ex parte custody order from Grant Parish and that the May 25th decree had been extinguished by virtue of a reconciliation of approximately 70 days duration. Had the trier of fact found that the parties had reconciled then necessarily he would have held that his May 25th decree was extinguished. LSA-R.C.C. Article 152. D'Antoni v. Geraci, 224 La. 818, 70 So.2d 883.
It was the trial judge's ruling that the issue of reconciliation was an affirmative defense and should be pretermitted until a hearing on the merits of the pending suit was had; that it related to the merits of the pending separation and not to the legality vel non of Mrs. Hickman's detention of the children. The November 22nd ruling was designed for the purpose of making *53 the May 25th order of temporary custody effective, and the court cited State ex rel. Aucoin v. Aucoin, 174 La. 7, 139 So. 645, wherein the Supreme Court held that:
"The trial judge having awarded the custody of the child to its father pending the separation proceeding, and the mother having detained it notwithstanding, habeas corpus was a proper proceeding in order to make effective the order of the court, that is, to have the child delivered to the father temporarily."
But in the Aucoin case, there was no question concerning a reconciliation between the parties. Neither was there any statement in the opinion to suggest that the mother was prevented from introducing evidence to show that it would be to the best interest of the children for her to have temporary custody of her children.
The trial judge was of the opinion that in habeas corpus proceedings, the Code of Civil Procedure does not contemplate a hearing to determine any issue except the question of entitlement to custody and does not permit a hearing on collateral issues or an affirmative defense to the separation suit.
But in this case, the trial judge was confronted with two conflicting ordershis own oral decree rendered May 25th and signed November 8th, and the Grant Parish ex parte order of October 14th. The first gave temporary custody to the father and the second gave temporary custody to the mother. It was therefore necessary that the trial judge hear evidence in support of the allegations by Mrs. Hickman, which might show that the May 25th decree was extinguished by operation of law. R.C.C. Art. 152; D'Antoni v. Geraci, supra.
In State ex rel. Girtman v. Ricketson, 221 La. 691, 60 So.2d 88, the trial court refused to hear testimony from the mother to support allegations contained in her answer to the habeas corpus proceeding to the effect that a change in conditions had affected the welfare of the child. There the father had a custody decree issued in Florida, and while the mother had the child on a Christmas vacation in Jefferson Parish, she sought to obtain custody. The Court of Appeal held that the trial court erred in refusing to allow this testimony, and also held that the Florida decree was subject to modification in the Louisiana habeas corpus proceeding. See also State ex rel. Cahill v. James, La.App. 1st Cir. 1965, 172 So.2d 299.
In another habeas corpus hearing, State ex rel. Bush v. Trahan, 125 La. 312, 51 So. 216, the court recognized that
"The right given to one or the other of the spouses, by the judgment of court granting a judgment of separation from bed and board or a judgment of divorce, to have the care and custody of the children of the marriage, is not an irrevocable decree. It is subject to modification at any time by changes in the existing conditions."
What condition could be more relevant than one (reconciliation) which would extinguish the earlier decree. R.C.C. Art. 152.
Respondent has not cited one habeas corpus proceeding filed to obtain custody of children, and we find none, wherein defendant was prevented from introducing evidence tending to show that a prior decree was invalid or extinguished, or that circumstances had changed.
Concerning the Stay of Prosecution of Mrs. Hickman's October 14th suit filed in Grant Parish wherein Mrs. Hickman obtained an ex parte order from the district court giving her custody pending that suit, the trial judge heard evidence on November 8th. He summarized the matter before him on that day as follows:
"Mr. Hickman filed for injunction against Mrs. Hickman to prohibit her from proceeding further with prosecution of her suit in Grant Parish during *54 the pendency of the proceedings in Rapides Parish.
"In response to this proceeding, Mrs. Hickman alleged that she had effected a `reconciliation' with Mr. Hickman, had lived with him for a while, found living with him intolerable and left him taking the children with her, established her domicile in Grant Parish and filed suit there.
"Mr. Hickman charged that the alleged `reconciliation" was a sham and fraud and not such a reconciliation as contemplated by law, and that her return to Mr. Hickman was conceived and designed before her return as a means to regain possession of the children. Mr. Hickman called a Mrs. Quadanoli as a witness. She testified that she had a conversation with Mrs. Hickman the day after the custody hearing; that Mrs. Hickman told her she would go back to Mr. Hickman, live with him awhile and then leave with the children. The witness further testified that Mrs. Hickman had discussed the plan with her several times before she went back to Mr. Hickman. She further testified that Mrs. Hickman stated to her that she hated Mr. Hickman, thought the custody decision was unfair and that she would go to Grant Parish and get a `fair deal'. Mrs. Hickman denied this.
"(The trial judge) ruled that Mrs. Hickman was enjoined from further prosecuting her suit in Grant Parish during the pendency of the separation suit in Rapides Parish. See Lancaster v. Dunn, 115 La. 15 [153 La. 15] 95 So. 385, and 28 Am.Jur. `Injunction,' Sec. 200."
The Lancaster case, supra, expressly refused to enjoin the parties from proceeding in the State of Texas on the ground that the Federal Statutes expressly authorized a suit in that State. Applying the rule of the Lancaster case, we find that the Louisiana Law authorized Mrs. Hickman to file suit in Grant Parish under certain circumstances. She could acquire a separate domicile from that of her husband if he was at fault. Bush v. Bush, 232 La. 747, 95 So.2d 298. If he was at fault and if she moved to Grant Parish on October 13, 1968 with the intention of making that her actual residence, she acquired a Grant Parish domicile. LSA-C.C.P. 3941.
Therefore, if one court can enjoin a party from proceeding in another court, and no authority has been cited for this, one of the issues to resolve, in order to enable the trial judge to grant such an injunction, was the question raised by defendantwas the May 25th decree extinguished? If there was a reconciliation, then the temporary restraining order and temporary injunction prohibiting Mrs. Hickman from proceeding in Grant Parish was improvidently issued. It was essential that the trial court admit evidence at the November 8th hearing on this critical issue.
Instead the trial court admitted testimony limited only to the question raised by Mr. Hickman's motion for the temporary restraining order and preliminary injunction, i. e. whether or not there was fraud practiced by Mr. Hickman connected with the alleged reconciliation. In this connection the Court accepted the testimony of Mrs. Mable Jean Guadagnoli, the daughter of Mr. Hickman's brother. Yet she made it abundantly clear that all information that she had concerning this alleged fraudulent scheme was obtained from telephone conversations with Mrs. Hickman, the first of which was on May 26th and the last was no later than three weeks after the May 25th decree. Furthermore, she testified that she promptly relayed this information to Mr. Hickman and that he had this information before the reconciliation. Mr. Hickman testified that he discussed this information with his attorney prior to the reconciliation. (Tr. 367).
The sole testimony offered by Mr. Hickman concerning the alleged fraud practiced by Mrs. Hickman was that of Mrs. Guadagnoli. On the other hand, several *55 witnesses gave testimony favoring Mrs. Hickman on this phase of the case.
Respondent's objections to evidence offered to show a reconciliation which allegedly existed for a period of about 70 days, should have been overruled. While it is true that reconciliation is an affirmative defense to a suit for separation or divorce, reconciliation has the effect of extinguishing the action. When the action is extinguished, all decrees related thereto are extinguished, (D'Antoni v. Geraci, supra) excepting that of dissolution of the community which is expressly dealt with by R.C.C. Article 155.
Respondent argues that even if there was a reconciliation between the parties, the case is properly before the Ninth Judicial District court by virtue of Mr. Hickman's amended petition filed October 30th alleging that Mrs. Hickman abandoned her husband on October 13, 1968. This argument has no merit for the reason that if there was a reconciliation as alleged by Mrs. Hickman, the October 30th petition filed by Mr. Hickman was not an amended petition. Instead, it was a new suit.
The case is remanded for the purpose of taking evidence on the issues of reconciliation and a change in circumstances and for further proceedings in accordance with law and not inconsistent with the views herein expressed. The costs of this appeal are taxed to the community of acquets and gains which existed between the parties.
Reversed and remanded.
FRUGÉ, J., dissents for the reason he believes the trial judge was correct and for the reasons offered by Judge HOOD in his dissent.
CULPEPPER, Judge (concurring).
The mother has alleged two good defenses to the petition for a writ of habeas corpus: (1) A reconciliation of the parties extinguishing the original suit for separation and the custody order incidental thereto on which the writ of habeas corpus is based.[1] (2) A change of circumstances since the original custody order.[2]
Either of these affirmative defenses, if proved, would have defeated the petition for habeas corpus. However, at the hearing on the writ the trial judge refused to allow the mother to present evidence to prove either defense. I see no justification for denying to Mrs. Hickman the right to prove her properly alleged defenses. A writ of habeas corpus was issued against her without the right to be heard.
LSA-C.C.P. Article 3782 expressly provides that the petition for a writ of habeas corpus "shall be assigned for hearing" (emphasis supplied). There is no statutory or jurisprudential authority for the issuance of the writ without a hearing.
The trial judge reasoned that the sole issue in the habeas corpus hearing was which custody order must prevail, the Rapides Parish order originally issued in these proceedings, or the Grant Parish order secured by Mrs. Hickman in her suit filed there after the alleged reconciliation. The judge held that the issue of reconciliation could not be considered until a hearing on the merits in the pending suit for separation in Rapides Parish. On this basis he denied her a hearing. State ex rel. Aucoin v. Aucoin, 174 La. 7, 139 So. 645 (1932) is cited as being similar.
In State ex rel. Aucoin v. Aucoin the father sued the mother for separation and for custody of their child. She left the state with the child. On her return to this state, he filed a separate suit for a writ of habeas corpus to obtain custody *56 of the child. The court held that the wife's plea of lis pendens was good. The custody issue was already pending in the separation suit. Hence the separate habeas corpus proceeding was dismissed.
I do not construe State ex rel. Aucoin v. Aucoin as supporting the trial judge's ruling in the present matter. In Aucoin the respondent in the habeas corpus proceeding was not denied a hearing on her properly alleged defenses. On the contrary, her exception of lis pendens was sustained. The case is not authority for the proposition that the defendant in a habeas corpus proceeding can be denied the right to a hearing of her defenses on the grounds that the issues presented by these defenses must be pretermitted until a hearing on the merits of the case.
I have the greatest respect for the feelings of the trial judge. In the original custody hearing he found the mother unfit for the custody of these children. It may be that, after hearing additional evidence on this writ of habeas corpus, he will find there was in fact no reconciliation and that the original custody order issued in Rapides Parish is still in effect. He may also conclude the evidence does not show a change of circumstances requiring a change of custody. However, in my view, these considerations do not negate Mrs. Hickman's right to be heard on her defenses in the habeas corpus proceedings.
For the reasons assigned, I concur in the majority decision.
HOOD, Judge (dissenting).
I am unable to concur in the conclusions which have been reached by my colleagues in this case.
Some of the trial judge's reasons for judgment were quoted in the majority opinion, but the part of those reasons which I consider to be the most significant was omitted. He concluded his opinion, for instance, as follows:
"I did not allow evidence to be adduced on the issue of reconciliation in the Habeas Corpus hearing for the reason that I was of the view that the sole issue was whether Mrs. Hickman's detention of the children was valid and legal in view of the fact that the order of this court awarding Mr. Hickman temporary custody was outstanding, and whether the ex parte order of the Grant Parish court should prevail over the order of this court issued after an evidenciary hearing. I was of the view that the matter of alleged `reconciliation' should be pretermitted until a hearing on the merits of the pending separation suit was had; that it related to the merits of the pending separation and not to the legality vel non of Mrs. Hickman's detention of the children. My ruling was designed for the purpose of making my prior order of temporary custody effective. In State ex rel. Aucoin v. Aucoin, 174 La. 7, 139 So. 645, our Supreme Court in a similar situation held that:
"`The trial judge having awarded the custody of the child to its father pending the separation proceeding, and the mother having detained it notwithstanding, habeas corpus was a proper proceeding in order of court, that is to have the child delivered to the father temporarily.'
"I was and am of the opinion that the Code of Civil Procedure does not contemplate a hearing to determine anything except the question of entitlement to custody and does not permit of a hearing on collateral issues or an affirmative defense to the separation suit."
I agree with the views expressed by the trial judge, and I feel that the majority has erred in reversing his decision.
A plea of reconciliation is an affirmative defense. It must be specially pleaded, and the burden of proof rests on the party who affirmatively alleges such a defense to establish that there has been a reconciliation. Pace v. Pace, 144 So.2d 195 (La. *57 App. 4th Cir. 1962); Broyles v. Broyles, 197 So.2d 123 (La.App. 1st Cir. 1967).
In the instant suit Mr. Hickman, by reconventional demand, instituted suit against his wife for divorce on the grounds of adultery. By supplemental petition filed on October 30, 1968, he demanded alternatively a separation from bed and board, based on allegations that Mrs. Hickman had abandoned him. In response to these pleadings Mrs. Hickman filed a "peremptory exception," specially pleading reconciliation. This special plea of reconciliation, however, related only to the demand for an absolute divorce, there being no allegation or plea that the parties became reconciled after Mrs. Hickman allegedly abandoned her husband.
The peremptory exception filed by Mrs. Hickman is still pending. It has never been tried, and no judgment has been rendered by the trial court determining whether there has or has not been a reconciliation.
Assuming for the purpose of this suit that the special defense of reconciliation can be urged by means of an exception, an assumption which is most favorable to Mrs. Hickman, then the instant suit must be considered as one which is now pending on its merits and in which a special defense has been pleaded. When the case is tried on its merits a determination may then be made as to whether Mrs. Hickman can sustain the burden of proof which rests upon her to establish that there has been a reconciliation. If she should be successful in meeting that burden of proof, judgment will be rendered rejecting Mr. Hickman's demands, and the temporary custody decree then will fall or become ineffective. The suit remains pending, however, until it is tried and until judgment is rendered on the merits.
Mrs. Hickman does not and cannot question the court's authority to provide for the temporary custody of the children pending a determination of the case on its merits. She, in fact, sought the same relief when she instituted this suit originally, and again when she filed a separate suit against Mr. Hickman in Grant Parish while the instant suit which she previously had instituted in Rapides Parish was pending. Until the case can be tried and a decision rendered on the merits, the suit must be considered as still pending, and the temporary custody decree must remain in force and effect.
After Mrs. Hickman allegedly removed the children from her husband's custody in violation of the temporary custody decree, Mr. Hickman instituted a habeas corpus proceeding to enforce the valid, interlocutory decree of the court. I think he used the appropriate procedure for enforcing his rights under that decree. See State ex rel. Aucoin v. Aucoin, 174 La. 7, 139 So. 645 (1932). In my opinion, the law does not contemplate that in a habeas corpus proceeding such as this Mrs. Hickman can raise and obtain a summary trial of the same issues which are now pending on the merits in the divorce or separation suit. If that should be permitted, then a party who seeks to enforce any such temporary custody order can be forced to trial summarily on all of the issues which have been presented on the merits, and there thus would be no need for a temporary custody decree at all.
If the majority opinion is allowed to stand, and Mrs. Hickman is permitted to urge in this habeas corpus proceeding the special defense of reconciliation, then it necessarily follows that she would be permitted also to raise any other defenses which she may have to Mr. Hickman's principal demands. She, for instance, in resisting Mr. Hickman's efforts to enforce compliance with the temporary custody order of the court, may plead in this habeas corpus proceeding a general denial of the allegations of adultery, or of abandonment, or she may affirmatively plead acts or conduct on the part of Mr. Hickman which may preclude him from obtaining a judgment of divorce or of separation. Any of those defenses, including the defense of reconciliation, if raised and successfully *58 established in a trial on the merits, would defeat Mr. Hickman's principal demands and would thus render the temporary custody decree ineffective. If the majority allows Mrs. Hickman to raise one of these defenses, that of reconciliation, in the habeas corpus proceeding, there could be no logical basis for refusing to permit her to raise all other defenses which she may have to her husband's principal demands, and thus compel a summary trial of the entire case on its merits. The practical effect of the majority opinion, therefore, is either (1) to destroy the usefulness and effect of a temporary custody decree, or (2) to compel a litigant in a case of this kind to submit to a summary trial of the entire case on its merits if he attempts to enforce his rights under such an interlocutory order.
Frequently in cases of this kind, an interlocutory decree is rendered ordering the husband to pay support to the wife pendente lite, and thereafter the wife endeavors to enforce such a decree by summary proceedings. If the majority opinion is allowed to stand in this case, I presume that my colleagues, consistent with this opinion, would hold that the husband in that type of summary proceeding could urge all of the defenses, both special and general, which he could raise in the original suit and thus he could compel a summary trial of the entire case on its merits. The reasoning then would be the same as the majority gives here, and that is that if the husband shows that the wife would fail on his principal demands for separation or divorce, then the interlocutory order of support pending a trial of those principal demands also must fall and become ineffective.
In my opinion, the trial judge correctly held that the only issue which could be determined in the habeas corpus proceeding was whether the temporary custody decree was legally issued and was valid, and that the special defense of reconciliation could not be considered in that proceeding, but that it should be referred to the merits and disposed of when the case is tried on its merits.
There are other reasons why I feel that my colleagues have erred. The majority, for instance, brushes aside the demand of Mr. Hickman for a separation, and they refuse to consider the fact that the special defense of reconciliation does not apply to that demand. They reason that the amended petition filed by the husband on October 30, 1968, "was a new suit," that Mrs. Hickman had established a separate domicile in one day in Grant Parish, that she filed suit for a separation in that parish before Mr. Hickman amended his petition in the instant suit, and that her husband's demand for a separation thus should be ignored because of the filing of another suit in the adjoining parish. I cannot agree with that conclusion. I find no exception of lis pendens and no exception to the venue or jurisdiction of the court filed in the record, and the trial court has not ruled on any such exceptions. I do not feel that this court should do so here.
The majority has remanded the case to the trial court for further evidence in the habeas corpus proceeding. If that summary proceeding should eventually result in a judgment favorable to Mrs. Hickman, I do not feel that such a judgment would have the effect of dismissing or disposing of the present suit on its merits. This suit would still be pending and the same issues, including the plea of reconciliation, would have to be tried on the merits. The trial court should have the right to award temporary custody of the children pending that trial, and I think the majority has erred seriously in removing that authority from the court.
Finally, LSA-C.C.P. art. 3822 provides that habeas corpus proceedings may be brought "in the parish in which the defendant is domiciled or the parish in which the person detained is in custody." The majority has concluded that the defendant, Mrs. Hickman, is now domiciled in Grant Parish, that conclusion being based solely on allegations contained in pleadings filed *59 by her. Also, the evidence shows that the children are being detained in that parish. According to the provisions of the above cited article of the Code of Civil Procedure, therefore, the court in Grant Parish, rather than the one in Rapides, is a court of proper venue. If this habeas corpus proceeding had been instituted in Grant Parish, or if the children should be moved from place to place and a number of similar actions should be filed in various parishes, I presume that the majority's opinion here, if allowed to stand, would permit the defendant to urge in each of those habeas corpus proceedings all of the defenses which could have been urged on the merits in the original, and still pending, suit for separation or divorce. I think such a rule is completely unworkable, and is not in keeping with the purpose of a habeas corpus proceeding.
For these reasons, I respectfully dissent from the majority opinion.
On Application for Rehearing.
En Banc. Rehearing denied.
FRUGÉ, J. and HOOD, J., vote for rehearing.
NOTES
[1] See D'Antoni v. Geraci, 224 La. 818, 70 So.2d 883 (1954).
[2] See Davis v. Davis, 238 La. 293, 115 So. 2d 355; Messner v. Messner, 240 La. 252, 122 So.2d 90.