506 So.2d 200 (1987)
Patricia Verdon ANDERSON
v.
Thomas J. ANDERSON, Sr.
No. 86-CA-652.
Court of Appeal of Louisiana, Fifth Circuit.
April 13, 1987.
Writ Denied June 12, 1987.
*201 Roy M. Cascio, Gretna, for plaintiff-appellee, Patricia Verdon Anderson.
Theodore W. Nass, The Law Offices of Nass, Wiebelt & Nass, New Orleans, for defendant-appellant, Thomas J. Anderson.
Before KLIEBERT, GRISBAUM and DUFRESNE, JJ.
KLIEBERT, Judge.
The defendant-husband, Thomas J. Anderson, Sr., takes this devolutive appeal from judgments in favor of plaintiff-wife, Patricia Verdon Anderson, estopping him from introducing evidence as to an alleged reconciliation and denying his motion to have the wife's rule to make past due alimony executory dismissed, and making executory past due alimony in the amount of $8,625.00 plus interest from date of judicial demand.[1] He requests remand for an evidentiary hearing at which he would seek to present evidence of the reconciliation. We deny the request and affirm the trial court's judgment.
The tangled chronological history of this domestic litigation is as follows:

 1-27-78  Petition for Separation filed by wife;
 3-21-78  Consent Judgment awarded alimony of
 $100.00 per week;
 5-18-79  Judgment of Separation found husband at
 fault, awarded past due alimony of
 $5,590.00, and attachment issued for
 husband because of his non-appearance;
 6-05-79  Husband appeared to satisfy attachment
 issued by Court;
 10-24-80  Rule for Past Due Alimony filed by wife in
 proper person and set for November 24,
 1980;
 11-24-80  Rule continued to January 19, 1981 as both
 parties obtain attorneys;
 1-19-81  Husband and wife appeared with attorney;
 Consent Judgment for past due alimony for
 $3,500.00; alimony reduced to $75.00 per
 week plus $25.00 per week on past due
 alimony;
 9-28-81  Rule for Past Due Alimony filed by wife
 and set for November 11, 1981;
 11-19-81  Rule continued without date by both
 attorneys;
 10-06-82  Rule was re-set by wife in proper person;
 in transcript of hearing husband told the
 Court they reconciled in 1980 and
 requested the Court to continue the matter
 so that he could get an attorney; continued
 to November 17, 1982; Court ordered
 husband to pay alimony of $50.00 per week
 until next trial date;
 11-17-82  Wife appeared in proper person; husband
 did not appear; wife requested a
 continuance without date;
 1-31-84  Wife, through attorney, filed Rule for Past
 Due Alimony;
 4-02-84  Husband, through attorney, filed Motion to
 Dismiss Rule for Past Due Alimony;

*202
 4-03-84  Wife, through attorney, filed Petition for
 Divorce;
 5-11-84  Motion to Dismiss and for Past Due
 Alimony continued until May 22, 1984;
 5-22-84  Motion to Dismiss denied; but Court gave
 husband until June 22, 1984 to submit any
 other evidence;
 6-22-84  Rule for past due alimony stipulated to,
 rule for contempt continued without date.

The alimony made executory was predicated on the January 19, 1981 consent judgment setting the alimony of $75.00 per week, as modified by the November 17, 1982 order reducing the alimony to $50.00 per week. The husband's motion to dismiss the wife's rule was predicated on an alleged reconciliation between the parties which the husband claims took place in February or March of 1980. Counsel for the husband argued in the trial court and here that the reconciliation automatically extinguished the separation judgment and therefore the alimony judgment of January 19, 1981 was invalid as there was no pending suit for separation or divorce at the time it was issued.
The husband first raised the issue of reconciliation in a hearing on the wife's rule to make past due alimony executory held on October 6, 1982. On that issue he was granted a continuance so that he would have an opportunity to employ counsel to prove his oral contention. More than two years elapsed without his doing anything. When he sought to introduce evidence at the 1984 hearing as to the alleged reconciliation, which he asserts took place in the spring of 1980, the trial court applied the doctrine of equitable estoppel, thus preventing him from introducing the evidence, and thereafter denied the husband's motion to dismiss the wife's rule on the grounds of the alleged reconciliation. Thus, the issue presented on this appeal is whether the trial court erred in estopping the husband from presenting evidence of a reconciliation.
"Equitable estoppel" may be defined as the effect of the voluntary conduct of a party whereby he is precluded from asserting rights against another who justifiably relied upon such conduct and changed his position so that he will suffer injury if the former is allowed to repudiate the conduct. American Bank & Trust Co. v. Trinity Universal Ins. Co., 251 La. 445, 205 So.2d 35 (1967). Equitable estoppel is not favored and is invoked sparingly because it bars normal assertion of rights. Commercial Bank & Trust Co. v. Canale, 450 So.2d 761, writ denied 456 So.2d 166 (5th Cir.1984). Further, estoppel will lie only when the following elements are proven:
(1) a representation by conduct or work;
(2) justifiable reliance;
(3) a change in position to one's detriment because of the reliance.
See Wilkinson v. Wilkinson, 323 So.2d 120 (La.1975).
The husband did not raise the issue of reconciliation at the time the consent alimony judgment was entered into and in fact made several payments pursuant to the judgment. Notwithstanding the consent decree, the husband refused to pay and the wife found it necessary to seek judicial assistance in enforcing the alimony judgment. Then, some two and one-half years after the alleged reconciliation took place, the husband raised the issue of reconciliation for the first time. As a result, he was given a continuance and time to hire an attorney. Notwithstanding, two years passed during which he did nothing to urge the defense for which he was granted a continuance. Still, he refused to make the alimony payments. The wife sought judicial assistance to recover alimony. He then sought to reurge the defense. Because of the delay the wife's ability to prepare a defense to the allegation was prejudiced both by the passage of time and by the death of a witness with whom the wife allegedly lived during the period the reconciliation was to have taken place.
Based on these facts the trial court determined the husband should be estopped from presenting evidence of the alleged reconciliation. We find no error of law in the court's ruling and accordingly affirm the judgment in all respects. The costs of the appeal are to be paid by the husband.
AFFIRMED.
GRISBAUM, J., concurs.
*203 GRISBAUM, Judge, concurring.
I concur. I find no jurisprudence placing upon a spouse who claims reconciliation has occurred any duty to enunciate this claim in a separate action (one presumes via an action for summary judgment). Rather, the claim is regarded as either a defense or an exception. Hickman v. Hickman, 218 So.2d 48, 52-53 (La.App. 3d Cir.1969); Holbrook v. Her Husband, 18 La.Ann. 643, 644 (La.1866). Thus, the majority errs in stating that the husband, by his inaction, made any manner of "representation by conduct or work." Although he has failed to raise a defense, this failure should result in no sanction since reconciliation by operation of law abates prior separation-premised judgments. D'Antoni v. Geraci, 224 La. 818, 70 So.2d 883, 885 (La.1954); Dooley v. Dooley, 443 So.2d 630, 631-32 (La.App. 3d Cir.1983), writ denied, 444 So.2d 1215 (La.1984). In essence, the effect of reconciliation, although properly raisable as a defense, is not waived by the claimant's failure to raise it. Nor is any prescriptive period affixed to such a claim.
Thus, I disagree with the analysis submitted by the majority. I nevertheless join in it's conclusion, being of the opinion that a resort to equity is unnecessary since the case is covered by the rule of law of La. C.C. art. 1853 (former C.C. art. 2291). Under art. 1853 (enacted by Acts 1984, No. 331 § 1)
A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it.
A judicial confession is indivisible and it may be revoked only on the ground of error of fact.
The article enunciates the principle that, in essence, "on factual matters a party is bound by his pleadings and stipulations." State v. Ward, 314 So.2d 383, 389 (La.App. 3d Cir.1975), writ denied, 319 So.2d 440 (La.1975), and citations therein. Concomitantly, "where the pleading or stipulation involves a question of law rather than fact, it is given no effect since it is the function of the courts to construe the law." Id. As to the scope of the preclusive effect to be accorded,
An earlier judicial admission does not in a subsequent proceeding bind the person making same, nor does it estop him from denying the correctness thereof, unless the other party claiming the benefit of a judicial estoppel resulting therefrom has been deceived by such judicial confession and has relied or acted thereon to his prejudice.
Succession of Turner, 235 La. 206, 103 So.2d 91, 93 (La.1958).
Reconciliation, as provided for in La.C.C. art. 153, presents primarily a factual question and is subject to manifest error review. Jordan v. Jordan, 394 So.2d 1291, 1292 (La.App. 1st Cir.1981). That is, confessions of reconciliation are primarily factual declarations and, thus, fall within the ambit of La.C.C. art. 1853. See also D'Antoni v. Geraci, supra 70 So.2d at 885. Thus, although reconciliation presents in part a legal conclusion, one nevertheless may confess that the fact of reconciliation has or has not occurred.
Here, as indicated by the majority's chronology, Mr. Anderson on January 19, 1981 subsequent to the time of the alleged reconciliationentered into a consent judgment wherein he confessed that he owed Mrs. Anderson $4,400 in overdue support. Such confession is diametrically opposed to Mr. Anderson's present contention that a reconciliation has occurred and acts to preclude its consideration. Not merely the passage of time nor even the failure to timely raise the defense bars Mr. Anderson; rather, his prior admissions to a contrary state of affairs (relied on by Mrs. Anderson in seeking to obtain support) defeats his reconciliation claim. Accordingly, the trial court correctly declined to receive evidence thereon.
NOTES
[1] Although the rule was heard on May 22, 1984, a written judgment was not rendered until May 23, 1986.